By the Court, Bronson, J.
Although the act of 1838 gave a commission to either party, it did not authorize a postponement of the trial beyond the time then allowed by law, which, when the application for an adjournment came from the plaintiff, was limited to eight days. (Stat. of 1838, p. 232, § 2, 3; 2 R. S. 238, § 69.) But by the act of 1841, when a commission is issued on the application of the plaintiff, he has “ the same time and privileges of adjournment to which the defendant is now entitled by law.” (Stat. of 1841, p. 112, § 1.) This suit was commenced and tried in 1839, and then an ad journment from April to June, on the motion of the plaintiffs, would have been irregular. But the worst feature in the case is, that the justice “ postponed the suit” indefinitely, and not to any day certain. This was clearly irregular, and amounted to a discontinuance of the action. There are many cases which hold that an irregular and unauthorized adjournment will put an end to the suit. But it is also settled that the cause is not so completely out of court but that the objection may be waived ; and if the party who might complain appears and goes to trial, the judgment will not be reversed. (Dunham v. Heyden, 7 John. R. 381 ; Willoughby v. Charleton, 9 John. R. 136 ; and see Maloney. Clark, 2 Hill, 657.)(a) Here the justice gave the parties written notice of the time and place when he would try the cause. The defendants were not bound to regard it, *501 but they voluntarily appeared and went to trial on the issue which had been previously joined. This voluntary appearance in court was enough to give the justice jurisdiction over the person, and, on the principle of the cases which have been mentioned, I think the judgment should not have been reversed by the common pleas.
The defendants did not specify wherein they thought the notice of motion for a commission was insufficient. And besides, they should have made the objection at the time the commission was ordered, and not after it had been executed and returned. What was meant by the objection to the execution of the commission by the commissioner, I have been unable to discover. The facts were settled by the justice, and cannot be re-tried. The judgment of the C. P. must be reversed, and that of the justice affirmed.
Ordered accordingly.

 See S. P. Tifft v. Culver, ante, p. 180.